UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMARILYS OCASIO,

    Plaintiff,

v.                                              Case No:   2:17-cv-40-FtM-38MRM

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

## ORDER

Pending before the Court is Defendant's Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (Doc. 28) filed on June 20, 2017. Plaintiff timely filed an expedited response (Doc. 30) to Defendant's motion as ordered on June 27, 2017. This matter is ripe for review.

Defendant requests an extension of time of thirty (30) days to respond to Plaintiff's discovery requests. (*Id.* at 1). Plaintiff opposes the requested relief. (*Id.*). Specifically, Plaintiff contends that Defendant's counsel failed to fully comply with M.D. Fla. R. 3.01(g) by not conferring with Plaintiff's counsel by phone. (*Id.* at 2-3). Additionally, Plaintiff argues that a delay by Defendant in responding to the discovery requests is not conducive to Plaintiff's ability to mitigate damages. (*Id.* at 3-4). Finally, Plaintiff argues that good cause does not exist for an extension because Plaintiff's discovery requests are not numerous or excessive. (*Id.* at 4-5).

Upon review, Plaintiff makes a legitimate argument that Defendant failed to adequately comply with M.D. Fla. R. 3.01(g). Specifically, Local Rule 3.01(g) requires that "the moving party must confer with the opposing party in a good[-]faith effort to resolve the issues raised by the motion, and file with the motion a statement certifying that the moving party has conferred

with the opposing party, and that the parties have been unable to agree on the resolution of the motion." *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-ORL-36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014). "The term 'confer' in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good[-]faith effort to resolve the motion without court action. Counsel who merely 'attempt' to confer have not 'conferred.'" *Id.* at *2 (emphasis added). Here, Plaintiff states that Defendant's counsel only *emailed* Plaintiff's counsel regarding the relief requested. (Doc. 30 at 2). There is no indication that Defendant's counsel called Plaintiff's counsel or that they met in person. Thus, the Court finds that the steps taken by Defendant's counsel were not enough to satisfy Local Rule 3.01(g).

Notwithstanding this failure, however, the Court is reluctant to deny a reasonable request to extend time to respond to discovery requests when doing so will not jeopardize any existing case management deadlines. Here, the requested extension by Defendant appears reasonable on its face and does not implicate any impending case management deadlines. Thus, the Court sees no reason to deny the requested relief by Defendant even with the insufficient effort by Defendant's counsel pursuant to Local Rule 3.01(g).

The Court will, however, take this opportunity to admonish Defendant's counsel to comply strictly with the Court's Local Rules, including Local Rule 3.01(g), in the future. Failure to do so may result in the summary denial or striking of any offending filing.

Accordingly, the Court hereby **ORDERS** that:

1) Defendant's Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (Doc. 28) is **GRANTED**.

2) Defendant Nationstar Mortgage Services, LLC shall serve its responses to Plaintiff's discovery request **no later than July 25, 2017**. Defendant is warned that the Court is not inclined to grant any further extensions of this response deadline.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties