UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMARILYS OCASIO,

     Plaintiff,

v.                                                              Case No:   2:17-cv-40-FtM-38MRM

NATIONSTAR MORTGAGE, LLC,

     Defendant.
_____/

## **ORDER**

Pending before the Court is Plaintiff's Objection to Defendant's Non-Party Subpoenas, Motion to Quash and/or Modify, and Motion for Protective Order (Doc. 32) filed on September 22, 2017.  Defendant filed a response (Doc. 33) on October 6, 2017.  This matter is ripe for review.

In her Motion, Plaintiff states that, on August 25, 2017, "Defendant served its Notice of Intent to Serve Non-Party Subpoenas Duces Tecum Without Deposition upon the Plaintiff." (Doc. 32 at 1).  Plaintiff specifically objects to non-party subpoenas that Defendant issued to (1) the Housing Authority of the City of Fort Myers, Florida; (2) The Landings at East Pointe; (3) Stephenson & Moore, Inc.; (4) Lee County Property Appraiser; and (5) Suncoast Credit Union. (*Id.*).  Plaintiff attached the subpoenas as Composite Exhibit A.  (*See* Doc. 32-1 at 1-29).

As an initial matter, Plaintiff argues that she has standing to contest the non-party subpoenas because (1) she can move for a protective order if a non-party subpoena seeks irrelevant information and (2) she has a personal right or privilege with respect to the matter of the subpoenas.  (Doc. 32 at 2 (citations omitted)).  As to Plaintiff's specific objections, Plaintiff argues that the subpoenas directed to the Housing Authority of the City of Fort Myers, Florida,

The Landings at East Pointe, Stephenson & Moore, Inc., and the Lee County Property Appraiser request information that is not relevant. (*Id.* at 3-5). Additionally, as to the subpoena directed to Suncoast Credit Union, Plaintiff argues that Defendant's request for information is too broad. (*Id.* at 5-7).

In response, Defendant's primary argument is that Plaintiff's Motion is untimely. (Doc. 33 at 4). Specifically, Defendant states that it "issued subpoenas to five non-parties on August 25, 2017, seeking discovery about whether Ms. Ocasio's mortgaged property was used primarily for 'personal, family, or household purposes' from 1998 to the present." (*Id.*). Defendant states that "[t]he subpoenas gave the non-parties 15 days from the date of service to comply." (*Id.* (citing Doc. 32-1)). Defendant notes that "[n]o non-party objected to the subpoenas." (*Id.*). Moreover, Defendant states that it "noticed Ms. Ocasio about its intent to serve the subpoenas on August 25, 2017, but Ms. Ocasio did not move to quash until September 22, 2017." (*Id.*). As a result, Defendant argues that Plaintiff has waived her objections to the non-party subpoenas. (*Id.*). Furthermore, Defendant contends that "[t]he motion is also moot because several of the non-parties already fully or partially complied with the subpoenas." (*Id.* at 5). Finally, Defendant argues that information sought by the subpoenas is otherwise within the scope of discovery because it is relevant. (*See id.* at 5-9).

In reviewing Plaintiff's Motion, the Court notes that under Rule 45, parties may command non-parties to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling." *In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8-ORL-41TBS, 2016 WL 1599831, at *3 (M.D. Fla. Apr. 21, 2016) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D)). This ability, however, is not without limits. Pursuant to Rule 45:

> On *timely* motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-CV-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015)

In addition to the requirements of Rule 45, Rule 26(b)(1) governs the scope of permissible discovery, stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). Moreover, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

In addition to the requirements above, any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D.

Fla. 2005) (citing *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The decision to enter a protective order, however, is within the Court's discretion and does not depend on a legal privilege. *Id.* at 429 (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)).

Upon consideration, the Court finds that Plaintiff's Motion is due to be denied as untimely. Specifically, this Court has previously noted that "[w]hat constitutes timeliness" under Rule 45(d)(3)(A) "is not stated in the Rule." *Flynn v. Square One Distribution, Inc.*, No. 6:16-MC-25-ORL-37TBS, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016). Nonetheless, this Court has concluded that "a motion to quash is generally considered timely if it is brought *before* the time indicated for compliance." *Id.* (emphasis added; internal quotations and citations omitted).

Here, Defendant served Plaintiff with the Notice of Intent to Serve Non-Party Subpoenas Duces Tecum Without Deposition and copies of the subpoenas on August 25, 2017. (Doc. 32 at 1; Doc. 33 at 4). Despite having notice for almost one month, however, Plaintiff did not file the instant Motion until September 22, 2017, a date *after* the time indicated for compliance on the subpoenas. Specifically, Defendant served the subpoenas on August 23, 2017, August 29, 2017, August 30, 2017, and August 31, 2017. (Doc. 33 at 5 n.2). Each subpoena required compliance within fifteen (15) days from the date of service. (*Id.* at 4). By way of example, the date for compliance for the last-served subpoena – served on August 31, 2017 – was September 15, 2017. (*See id.*). Plaintiff, however, did not file the instant Motion until September 22, 2017, one week after the date for compliance for the last-served subpoena. Because the time indicated for compliance on all of the subpoenas had passed before Plaintiff filed her Motion, the Court cannot consider Plaintiff's Motion timely filed. *See Flynn*, 2016 WL 2997673, at *1.

As a final matter, the Court notes that some of Defendant's subpoenas appear to have been issued improperly. Specifically, Rule 45(a)(4) requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then *before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added). In its response to Plaintiff's Motion, Defendant states that it served subpoenas to Suncoast Credit Union, Lee County Credit Union, and the Housing Authority of the City of Fort Myers, Florida on August 23, 2017. (Doc. 33 at 5 n.2). Defendant did not serve Plaintiff with a notice and copies of those subpoenas, however, until August 25, 2017. (Doc. 32 at 1; Doc. 33 at 4). Because Plaintiff was served with a notice and copies of the subpoenas two days *after* those subpoenas had been served on the non-parties, Defendant appears to have failed to issue those subpoenas in compliance with Rule 45(a)(4).

Notwithstanding these apparent defects, however, the Court nevertheless finds that Plaintiff's Motion must be denied as untimely. Specifically, the Defendant's delay in providing notice and copies of the subpoenas to Plaintiff did not preclude Plaintiff from filing the instant Motion in a timely manner, as required.

Accordingly, the Court hereby **ORDERS** that:

Plaintiff's Objection to Defendant's Non-Party Subpoenas, Motion to Quash and/or Modify, and Motion for Protective Order (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on November 1, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties